*Notice: This opinion is subject to formal revision before publication in the Atlantic and Maryland Reporters. Users are requested to notify the Clerk of the Court of any formal errors so that corrections may be made before the bound volumes go to press.*

# DISTRICT OF COLUMBIA COURT OF APPEALS

No. 23-BG-0648

IN RE PAUL HAAR, RESPONDENT.

A Member of the Bar of the District of Columbia Court of Appeals
(Bar Registration No. 368605)

On Report and Recommendation of the Board on Professional
Responsibility Ad Hoc Hearing Committee
Approving Petition for Negotiated Discipline
(BDN: 23-ND-003; DDNs: 2017-D005 & 2019-D124)

(Decided: September 28, 2023)

Before EASTERLY and MCLEESE, *Associate Judges*, and STEADMAN, *Senior Judge*.

PER CURIAM: This decision is non-precedential. Please refer to D.C. Bar R. XI, § 12.1(d) regarding the appropriate citation of this opinion.

In this disciplinary matter, the Hearing Committee recommends approval of a petition for negotiated attorney discipline. *See* D.C. Bar R. XI, § 12.1(c). Respondent Paul Haar voluntarily acknowledged that, in connection with representing Manuel Garza, he charged an illegal (and thus per se unreasonable) fee

and seriously interfered with the administration of justice when he repeatedly failed to respond to Disciplinary Counsel's inquiries regarding the illegal fee; and further that, in connection with representing Mariia Chuta, he failed to provide competent representation, serve the client with commensurate skill and care, adequately consult with the client, act with reasonable promptness, explain a matter to the client, and timely return an unearned and unreasonable (overbilled) fee. As a result, respondent admits that he violated D.C. R. Prof. Conduct 1.1(a)-(b), 1.2(a), 1.3(c), 1.4(b), 1.5(a) (x2), 1.16(d), 8.1(b), and 8.4(d). The proposed discipline consists of a 180-day suspension, stayed as to all but 90 days, with reinstatement conditioned on respondent providing a $5,000 refund to Mr. Garza and a $22,000 refund to Ms. Chuta. The parties clarified before the Committee that respondent had already fully refunded Mr. Garza and paid $1,000 to Ms. Chuta, and that the agreed-upon sanction was, in effect, a 90-day suspension that would continue indefinitely (i.e. no outer bound at 180 days) until respondent paid the remaining $21,000 to Ms. Chuta.

Having reviewed the Committee's recommendation in accordance with our procedures in uncontested disciplinary cases, *see* D.C. Bar R. XI, § 12.1(d), we agree that this case is appropriate for negotiated discipline and that "the agreed-upon sanction is 'justified,'" *In re Mensah*, 262 A.3d 1100, 1104 (D.C. 2021) (per curiam) (quoting D.C. Bar R. XI, § 12.1(c)(3)), given the sanctions we have previously

imposed for similar violations. *See, e.g.*, *In re Owusu*, 886 A.2d 536 (D.C. 2005); *In re Hallmark*, 831 A.2d 366 (D.C. 2003) (per curiam); *In re Drew*, 693 A.2d 1127 (D.C. 1997) (per curiam); *In re Ryan*, 670 A.2d 375 (D.C. 1996); *see also Mensah*, 262 A.3d at 1104 ("[T]he sanctions imposed in negotiated-discipline cases may in some cases be less stringent than would otherwise have been appropriate in a contested-discipline case."). Accordingly, it is

ORDERED that respondent Paul Haar is hereby suspended from the practice of law in the District of Columbia for 90 days with reinstatement conditioned on respondent providing a $21,000 refund to Ms. Chuta. We direct respondent's attention to D.C. Bar R. XI, § 14(g), which requires the filing of an affidavit, both with this court and the Board on Professional Responsibility, for purposes of reinstatement in accordance with D.C. Bar R. XI, § 16, and Board Rule 9. We also direct respondent's attention to D.C. Bar R. XI, § 14(h), which requires him to "keep and maintain records" so that "proof of compliance with . . . th[is] suspension order will be available."

*So ordered.*